IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-67,932-01






EX PARTE JIMMY EUGENE FENLEY, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 05CR-16,538 IN THE 273
RD DISTRICT COURT


FROM SHELBY COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of
the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte Young, 418
S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to burglary of a habitation with intent
to commit theft and was placed on deferred adjudication. Following adjudication of guilt he was sentenced
to thirty years' imprisonment. He did not appeal his conviction. 

 Applicant contends that his sentence is illegal and violates the federal constitutional prohibition
against cruel and unusual punishment. Applicant has alleged facts that, if true, might entitle him to relief. 
The current record reflects that following the adjudication of guilt Applicant was sentenced as a habitual
offender. However, it does not reflect whether Applicant received an opportunity to enter a plea with
respect to the prior offenses alleged for enhancement or whether the trial court found that the enhancement
allegations were true. In these circumstances, additional facts are needed. As we held in Ex parte
Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial court is the appropriate forum for
findings of fact. The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). 
In the appropriate case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to
represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law in regard to Applicant's claim that
his sentence is illegal. The trial court shall also make any other findings of fact and conclusions of law that
it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The issues
shall be resolved within 90 days of this order. If any continuances are granted, a copy of the order granting
the continuance shall be sent to this Court. A supplemental transcript containing all affidavits and
interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with
the trial court's supplemental findings of fact and conclusions of law, shall be returned to this Court within
120 days of the date of this order. Any extensions of time shall be obtained from this Court. 



Filed: October 3, 2007

Do not publish